UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:18-CV-14272-ROSENBERG/MAYNARD

IN ADMIRALTY

IN THE MATTER OF:
THE COMPLAINT OF THE YACHT
EXPERIENCE, LLC, AND JAMES CANFIELD
AS OWNERS OF THE 1988 MARINE TRADER
CLASSIC TRAWLER MOTOR YACHT "LUCKY STAR"
BEARING HULL IDENTIFICATION NUMBER
ETY50078B888, HER ENGINES, TACKLE,
APPAREL AND APPURTENANCES, FOR
EXONERATION FROM OR LIMITATION OF LIABILITY

    Petitioners,

vs.

BTD REAL ESTATE, LLC,

    Claimant/Third-Party Plaintiff,

vs.

THOMAS W. HAMMAN, BRUCE KRISKO and
JEFFERY B. DEZIEL,

    Third-Party Defendants.
_____/

**ORDER GRANTING DEFENDANT DEZIEL'S MOTION TO DISMISS**

This cause comes before the Court on Third-Party Defendant Jeffrey B. Deziel's Motion to Dismiss [DE 55]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

This case arises out of damage caused by Hurricane Irma in September of 2017. DE 43. During that hurricane, several vessels owned by Defendants were moored in the Plaintiff's marina. *Id.* Plaintiff alleges that, for various reasons, it is owed monetary damages for damages that

Defendants' vessels caused to the marina during the hurricane. *Id.* Shortly before the hurricane made landfall, however, Defendants' vessels were moored at an adjacent marina. *Id.* In addition to suing the vessel owners in this case, Plaintiff has also sued the owner and operator of the adjacent marina, Defendant Deziel. Plaintiff sues Defendant Deziel on the grounds that the reason the Defendant vessels moored in Plaintiff's marina—and therefore caused damages—was because Defendant Deziel wrongfully expelled those vessels from Deziel's marina shortly before Hurricane Irma made landfall. *Id.* As authority for its right to sue Deziel under such circumstances, Plaintiff cites to Section 327.59, Florida Statutes. It is this statute which forms the basis for Deziel's Motion to Dismiss.

> Section 327.59 reads as follows:
>
> After June 1, 1994, marinas may not adopt, maintain, or enforce policies pertaining to evacuation of vessels which require vessels to be removed from marinas following the issuance of a hurricane watch or warning, in order to ensure that protecting the lives and safety of vessel owners is placed before interests of protecting property.

Because the Court accepts Plaintiff's allegations as true,[1] the Court presumes that Deziel did "remove" the Defendant vessels from his marina following the issuance of a hurricane watch or warning. The focus of the parties' argument (and the focus of the Motion to Dismiss) is whether Plaintiff may maintain a suit under Section 327.59 at all: Does Section 327.59 permit a private right of action? Defendant Deziel argues that the statute does not contain a private right of action, and Plaintiff argues that it does.

---

1 Courts must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff; however, a plaintiff is still obligated to provide grounds of his or her entitlement to relief which requires more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-563 (2007).

2

The Court's and parties' research points to a single case that has considered whether Section 327.59 contains a private right of action. That case is *Northern Insurance Company of New York v. Pelican Point Harbor, Inc.*, 2006 WL 1285078, No. 3:05-CV-184 (N.D. Fla. May 5, 2006). Defendant argues that *Pelican Point* is persuasive. Plaintiff argues that *Pelican Point* is wrongly decided.

In *Pelican Point*, a marina essentially required[2] a vessel owner to leave the marina after a hurricane watch was in effect. The vessel rode out the storm anchored in an open harbor and was ultimately severely damaged. *Id.* at *1. The insurer for the vessel brought suit against the marina for requiring the vessel to leave. *Id.* The marina made the same argument as the Defendant in this case—that there is no private right of action in Section 327.59. *Id.*

The *Pelican Point* court engaged in a thorough analysis of the issue. Because the statute contains no *explicit* right to a private cause of action, the *Pelican Point* court noted the high standard for a court to find the right is *implicit*:

> When a private right of action is not explicit in a statute the court may nevertheless find that the right is implicit. *See Welker v. Southern Baptist Hospital of Florida, Inc.,* 864 So. 2d 1178, 1182 (Fla. 1st DCA 2004). The Florida Supreme Court has held that whether there is civil liability for violation of a statute depends on legislative intent. *See Aramark Uniform and Career Apparel, Inc. v. Easton,* 894 So. 2d 20, 23 (Fla. 2005); *Murthy v. N. Sinha Corp.,* 644 So. 2d 983, 985-86 (Fla. 1994) (stating that "legislative intent ... should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one."); *Florida Physicians Union v. United Healthcare of Fla., Inc.,* 837 So. 2d 1133, 1137 (Fla. 5th DCA 2003) (observing that "[t]he courts of this state have long been reluctant to find the legislature intended private parties to have causes of action to enforce statutes ... without strong indication that was the legislature's intent."). In order to determine legislative intent, courts should primarily look "to the plain meaning of the statute." *Aramark,* 895 So. 2d at 23. In the absence of evidence "of a legislative intent to create a private cause of action," the violation of a statute creates no civil liability. *Murthy,* 644 So. 2d at 985.

---

2 In *Pelican Point*, the parties disagreed whether the vessel owner's expulsion from the marina was mandatory or was "strongly encouraged." *Pelican Point*, 2006 WL 1285078, at *5.

3

The *Pelican Point* court then examined Chapter 327 and its legislative history:

> Chapter 327 is entitled the "Florida Vessel Safety Law." Fla. Stat. § 327.01. In part Chapter 327 provides for the safety of vessel users and regulates the safe operation of vessels and marinas. Section 327.59 of Chapter 327 prohibits the forced evacuation of vessels from marinas following issuance of a hurricane watch or warning "in order to ensure that protecting the lives and safety of vessel owners is placed before interests of protecting property." Fla. Stat. § 327.59. A statute that does not expressly create a right of action, however, "but merely makes provision to secure the safety or welfare of the public as an entity, [generally] will not be construed as establishing a civil liability." *Murthy,* 644 So. 2d at 986 *(quoting Moyant v. Beattie,* 561 So. 2d 1319, 1320 (Fla. 4th DCA 1990)); *Villazon v. Prudential Health Care Plan, Inc.,* 843 So. 2d 842 (Fla. 2003) (noting that legislature had explicitly created a private right of action for nursing home residents in statute regulating nursing homes and that, absent similar expression of intent in Florida's Health Maintenance Organization Act, no private right of action would be implied in the HMO Act). In the case at bar, the central concern of § 327.59-which does not explicitly create a private cause of action-is public safety. Accordingly, for this reason the court concludes that the statute should not be construed as creating a private right of action.

*Id.* at *7. The *Pelican Point* court's conclusion that Section 327.59 is a public safety statute is supported and buttressed by the legislature's decision to place the duty to enforce Section 327.59 upon the Division of Law Enforcement of the Fish and Wildlife Conservation Commission, and the sheriffs of the various counties and their deputies. Fla. Stat. § 327.70. This Court agrees with the *Pelican Point* court for the reasons set forth above—Section 327.59 is a general public safety statute.

Because courts are "reluctant" in Florida to find implicit private rights of action,[3] because an implicit right of action will only be found when there is a "strong" indication of the legislature's desire for such a cause of action,[4] and because of the presumption against private rights of action

---

3 *The Fla. Physicians Union, Inc. v. United Healthcare, Inc.*, 837 So. 2d 1133, 1137 (Fla. Dist. Ct. App. 2003).
4 *Id.*

4

being found in general public safety provisions,[5] Section 327.59 does not contain a private right of action.

Plaintiff's arguments to the contrary mirror the plaintiff's arguments in *Pelican Point*. Plaintiff argues that if it is denied the right to sue the Defendant marina in the instant case, there will be a wrong without a remedy. But the *Pelican Point* court rejected that argument for two reasons. *See Pelican Point*, 2006 WL 1285078, at *8. First, Plaintiff does have a remedy—Plaintiff can sue the vessel owners for any negligent infliction of damages, just as the Plaintiff has done in this case. Second, the legislature *did* impose a remedy for the wrongful expulsion of vessels—the remedy is *criminal punishment* by the State of Florida against any individual who violates Section 327.59. As the *Pelican Point* court noted, when the legislature explicitly creates a *criminal* remedy, it is not for the courts to create a civil one. *See Ochab v. Morrison, Inc.*, 517 So. 2d 763, 764 (Fla. Dist. Ct. App. 1987) (refusing to create a civil cause of action under Section 562.50, noting that "[w]hile the legislature has provided criminal penalties for violation of that statute [prohibiting the sale of alcohol], it has not provided civil remedies. We decline to act where the legislature has chosen not to.").

Plaintiff argues that by refusing to permit a private right of action, this Court would be "emboldening" marina owners throughout the state to expel vessels, but that is wrong. Marina owners violate Section 327.59 at their peril and at the risk of incarceration; the legislature decided that the remedy for a violation of the statute was criminal—not civil.[6]

---

[5] *Murthy,* 644 So. 2d at 986.
[6] For the same reasons and for the reasons set forth in *Pelican Point*, a claim for negligence *per se* cannot be maintained premised upon Section 327.59. *See Pelican Point*, 2006 WL 128078, at *8.

5

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant Deziel's Motion to Dismiss [DE 57] is **GRANTED** and Plaintiff's claims against Defendant Deziel (Count 5 and Count 6) are **DISMISSED WITH PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of July, 2019.

                                                                         ROBIN L. ROSENBERG

Copies furnished to Counsel of Record        UNITED STATES DISTRICT JUDGE